UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD DELLANTONIO, DOUGLAS AYRES, RYAN McCLELLAN, and RICHARD BYRD, on their own behalf and on behalf of those similarly situated, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) CAUSE NO. 1:08-cv-780-WTL-TAB<br>) |
| THE CITY OF INDIANAPOLIS, INDIANA, | )<br>) |
| Defendant. | ) |

**ENTRY ON MOTION FOR CLASS CERTIFICATION**

This cause is before the Court on the Plaintiffs' amended motion for class certification.[1] The motion is fully briefed, and the Court, being duly advised, **DENIES** the motion to the extent and for the reasons set forth below.

As an initial matter, the Court **GRANTS** the Plaintiffs' Motion to Submit Additional Evidentiary Material in Support of Their Amended Motion for Class Certification, and the Court has considered the additional evidence tendered by the Plaintiffs in making this ruling.

The named plaintiffs in this case, Richard Douglas Ayres, Ryan McClellan, Richard Byrd, Michael Goeden and Connie Goeden are residents of Indianapolis, Indiana, ("the City") who bring this action against the City challenging what they allege to be three unconstitutional policies and practices. First, they allege that the City has "begun a policy and practice that results in persons in portions of the Indianapolis downtown area being forbidden by police officers from asking others for contributions, even though such activity does not violate Indiana

---

[1] The Court notes that the filing of the amended motion rendered moot the Plaintiffs' initial motion to certify.

law and is protected by the First Amendment to the United States Constitution." Amended Complaint at ¶ 1. Specifically, two of the plaintiffs, Dellantonio and Ayres, allege that they were lawfully sitting on public sidewalks and silently soliciting contributions from passersby when Indianapolis police officers told them they were not allowed to do so and threatened to arrest them if they resumed their solicitations.

The Plaintiffs' second allegation is that "police officers employed by the City of Indianapolis have adopted a policy and practice of seizing some persons who are perceived as homeless, without cause or reasonable suspicion, and holding the persons until they produce their identification and until the identification is reviewed and checked by the police" in violation of the First, Fourth and Fourteenth Amendments. *Id.* All of the plaintiffs allege that they have been subjected to this practice and that they complied with the officers' demands for identification out of fear that they would be arrested if they failed to do so.

Finally, the Plaintiffs allege that "homeless persons who leave their personal property in public spaces, and who retain full expectation of privacy in their possessions, have had their property seized and destroyed pursuant to practices and policies of the City of Indianapolis" in violation of the First, Fourth and Fourteenth Amendments. Plaintiffs McClellan and Byrd allege that they have been subjected to this practice in that their personal property which they left under a railroad bridge was removed by city employees and destroyed.

On behalf of themselves and all those similarly situated to them, Plaintiffs seek declaratory judgment and the following injunctive relief: "[e]njoining defendant and its agents and employees from in any way interfering with the efforts of plaintiff Dellantonio, Ayres [and those similarly situated] to solicit funds from persons as long as no law is violated"; "[e]njoining defendant and its agents and employees from seizing plaintiffs Dellantonio, Byrd, McClellan

Ayres, Connie Goeden and Michael Goeden [and those similarly situated] and demanding their identification or proof of identity absent probable cause or reasonable suspicion"; and "[e]njoining defendant and its agents and employees from seizing and destroying the property of plaintiffs McClellan and Byrd [and those similarly situated] absent probable cause, notice, and an opportunity to be heard." Plaintiffs also seek their costs and reasonable attorney fees.

In the instant motion, Plaintiffs seek certification of three classes pursuant to Federal Rule of Civil Procedure 23:

> All persons, past, present, and future who seek money from other persons on the sidewalks of the downtown area of Indianapolis by soliciting donations of money or other items of value including both verbal solicitations and non-verbal and silent acts designed to solicit donations and who do not engage in the forms of panhandling prohibited by Indiana Code § 35-45-17-1, et seq. (Proposed Class A)
>
> All persons, past, present, and future who are homeless or who are perceived as homeless by the City of Indianapolis or its employees and who have been, are being, or will be seized by law enforcement officials without cause or reasonable suspicion and required to present proof of identity. (Proposed Class B)
>
> All past, present, and future homeless persons in Indianapolis who have left, are leaving, or will leave personal property in a public place in a manner that objectively indicates that they are not abandoning it. (Proposed Class C)

Rule 23 requires a two-step analysis to determine whether it is appropriate to certify a particular class. First, the Plaintiffs must satisfy all four requirements of Rule 23(a): (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. *Williams v. Chartwell Financial Serv., Ltd.*, 204 F.3d 748, 760 (7th Cir. 2000). Second, the action must also satisfy one of the conditions of Rule 23(b). *Id.* The Plaintiffs assert that the proposed classes in this case satisfy Rule 23(b)(2), which requires that the party opposing the class must have "acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the class as a whole."

The City argues, *inter alia*, that the Plaintiffs have failed to satisfy the very first requirement of Rule 23(a) because they have failed to demonstrate that each proposed class "is so numerous that joinder of all members is impracticable" as required by Rule 23(a)(1). The Plaintiffs correctly argue that they need not demonstrate with precision how many members each proposed class has. However, "the party supporting the class cannot rely on mere speculation or conclusory allegations as to the size of the putative class to prove that joinder is impractical for numerosity purposes." *Arreola v. Godinez*, 546 F.3d 788, 797 (7th Cir. 2008). In this case, the Plaintiffs have provided ample evidence regarding the substantial number of homeless people in Indianapolis. *See, e.g.,* Declaration of Michael Hurst, Program Director for the Coalition for Homelessness Intervention (a January 2008 point-in-time survey found that there were 1524 homeless individuals in Indianapolis); Declaration of Carter Wolf, Director of Horizon House, a homeless multi-service center (Horizon House served 3657 separate persons and worked with 469 separate persons on the street in 2007). However, each proposed class represents only a subsection of the Indianapolis homeless population,[2] and the Plaintiffs have not provided any more than speculation with regard to how large each of those subsections is.

With regard to Proposed Class A, the Plaintiffs have submitted evidence which suggests that a significant percentage of the Indianapolis homeless population engages in some form of panhandling as a means of income. *See* Exhibit 6 to Deposition of Stephen Golden (survey of homeless persons listing their reported source of income). However, there is no way of knowing how many of those individuals engage in lawful panhandling within downtown Indianapolis and therefore would be included in the class definition. Further, while the Plaintiffs are correct when

---

[2]Indeed, Proposed Class A is not limited to homeless individuals at all.

they point out that the Court can take judicial notice of the fact that the Mayor of Indianapolis is on record as stating that he and others perceive panhandling to be a problem in downtown Indianapolis, again that perceived problem would include all panhandling, both lawful and unlawful. The Plaintiffs also have submitted the declaration of Douglas Ayres, one of the named plaintiffs, who estimates that at any given time there are "at least 20 people" engaging in lawful solicitation in downtown Indianapolis. Ayres Declaration at ¶ 23. A class of twenty would not satisfy the numerosity requirement, however, and while the Court recognizes that the Ayres declaration does not establish that there are only twenty class members–but rather only twenty active panhandlers at any given time of which Mr. Ayres is aware–the Court would have to speculate in order to conclude that the actual number of class members is large enough to satisfy the requirement.[3]

With regard to Proposed Class B, the Plaintiffs provide no information regarding how many people belong to the class, beyond providing the affidavits of ten individuals who would be class members. It would certainly not be impracticable to join all ten of those individuals as plaintiffs in this case–indeed, five of them are already named plaintiffs–and the Plaintiffs simply have not provided any evidence upon which the Court could base a finding of numerosity as to this class. Similarly, as to Proposed Class C, the Plaintiffs have identified five specific individuals who fall under the class definition, and have submitted an affidavit that would suggest that at least ten more such individuals exist (assuming there is no overlap). Again, there

---

[3]The Plaintiffs point to a group of 30-40 homeless persons who had assembled to receive food and other items being handed out by a church group and were ordered to leave by police officers; however, the Court notes that this situation would not fall under Proposed Class A because the homeless persons involved were not seeking money, as required by the class definition, but rather were hoping to obtain "food and other items" being offered by the church group.

is nothing upon which the Court could base a finding of numerosity.

Because the Plaintiffs have not satisfied their burden of demonstrating that each class "is so numerous that joinder of all members is impracticable,"[4] class certification is not appropriate, and the motion for class certification therefore is **denied**.[5]

SO ORDERED: 2/13/09

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification

---

[4] The Plaintiffs' argument can be read to suggest that the fact that the proposed class members are homeless, and therefore inherently difficult to identify and locate, makes it impracticable to join them all as plaintiffs and therefore the numerosity requirement can be satisfied regardless of the number of members of each class. The Court disagrees with that reading of Rule 23(a)(1), which by its plain language requires that joinder be impracticable *because* the class is so numerous.

[5] The Court notes that the Plaintiffs seek only declaratory and prohibitory injunctive relief in this suit, and therefore even absent class certification, if the Plaintiffs are successful in their suit the injunctive relief they obtain will be applicable not only to themselves, but to all of the class members, and, indeed, everyone within the City of Indianapolis. *See In re Allstate Ins. Co.*, 400 F.3d 505, 507 (7th Cir. 2005) ("Indeed, as Judge Friendly explained in *Galvan v. Levine*, 490 F.2d 1255, 1261 (2d Cir.1973), 'insofar as the relief sought [in a class action] is prohibitory, an action seeking declaratory or injunctive relief . . . is the archetype of one where class action designation is largely a formality, at least for the plaintiffs.'"). In other words, if the policies alleged by the Plaintiffs do, indeed, exist, and those policies are found to be unconstitutional, an injunction issued prohibiting the Defendant from continuing to enforce those policies will not just prohibit their enforcement as to the Plaintiffs, but rather as to anyone.